Borenstein, J.
This matter comes before the Court on defendants’, City of Woburn School Committee (“School Committee”) and City of Woburn (“City”), motion for summary judgment and plaintiffs North Suburban. Transportation, Inc. (“North Suburban”) and John Devine, et al., cross motion for partial summary judgment on liability. Defendants have moved for summary judgment on the grounds that there is no genuine issue of material fact in dispute and pursuant to Mass.R.Civ.P. 56(c), they are entitled to judgment as a matter of law. For the reasons set forth below, the defendants’ motion for summary judgment is ALLOWED. Plaintiffs have moved for partial summary judgment on the grounds that there is no genuine issue of material fact in dispute and pursuant to Mass.R.Civ.P. 56(c), they are entitled to judgment as a matter of law. For the reasons set forth below, the plaintiffs’ motion for partial summary judgment on liability is DENIED.
BACKGROUND
According to the summary judgment record, the following facts are undisputed: In 1995, after a competitive bidding process, North Suburban was the successful bidder of a five (5) year transportation contract with the School Committee (“1995 contract”). Pursuant to the 1995 contract, plaintiff was responsible for providing school bus transportation services to the Woburn Public Schools. Prior to 1995, North Suburban and/or its affiliate Woburn Cab Company, Inc. (“Woburn Cab”) had provided safe and reliable school bus transportation services to the children of Woburn for approximately ten (10) years.[1]
According to the terms of the 1995 contract, North Suburban agreed to maintain “(w)orkmen’s compensation insurance in accordance with Chapter 152 and Chapter 149 of the General Laws for the protection of all employees throughout the entire period that this contract is in operation.” The duration of the 1995 contract was for five (5) years and was scheduled to terminate on June 30, 2000.
In January of 1997, defendants learned that Woburn Cab had received a Stop Work Order from the Department of Industrial Accidents as a result of Woburn Cab’s failure to pay its workers’ compensation insurance premiums. Shortly after receiving this information, defendants contacted North Suburban and a representative from the School Committee, the City, and North Suburban executed an amendment to the 1995 contract (“amendment”).
Pursuant to the amendment, North Suburban acknowledged its breach of the 1995 contract and defendants agreed not to exercise its right to terminate the contract at that time. The amendment further noted the agreement of both parties to terminate the 1995 contract on June 30, 1997. Finally, the amendment *564 indicates that defendants would defer, until a later date, the determination as to whether North Suburban, or any entity in which John Devine is involved, would be viewed as a responsible bidder for future transportation contracts.
In April of 1997, Paul Funk, Assistant Superintendent, drafted specifications for the Regular Education Transportation Contract for school years 1997-98 through 2001-02 (“1997 contract”). The portion of the specifications included in the 1997 contract that is most relevant to this lawsuit is paragraph 5 on page 6 (“paragraph 5”) and provides that each bidder must provide a statement that neither the bidding company nor any other busing or transportation company, owned or previously owned by anyone who is in an ownership or managerial capacity with the bidding company, has ever received a Stop Work Order. Pursuant to paragraph 5, any bidder who is unable to provide such a statement will be considered a non-responsible and nonresponsive bidder.
The specifications drafted by Funk, including paragraph 5, were presented to and approved by William McGowan, Chief Procurement officer for the City of Woburn. On May 6, 1997, McGowan issued an Invitation for Bids to be advertised in the Woburn Daily Times and Chronicle. In response to the Invitation for Bids, McGowan received severed sealed bids.
On June 26, 1997, McGowan conducted a public opening of the bids and compiled a statement listing the names of all bidders and the amounts of their bids. Plaintiff, North Suburban, was included on the list of bidders; however, accompanying their bid was a statement indicating that Woburn Cab, which was owned by John Devine, had previously received a Stop Work Order from the Department of Industrial Accidents during 1996.
On July 1,1997, the School Committee voted unanimously to award the 1997 School Bus Transportation Contract to R. Fiore Bus Service, Inc. and not to the plaintiff. Pursuant to paragraph 5, the plaintiff was deemed to be a nonresponsible bidder and, therefore, precluded from receiving the 1997 contract, even though they provided the lowest bid.
The plaintiff, North Suburban, filed this suit requesting money damages, injunctive relief, and declaratory relief that (1) defendants were required to consider, in good faith, whether plaintiff is a responsible bidder, (2) the School Committee unlawfully exercised their authority by including paragraph 5 in the 1997 specifications, (3) defendants unlawfully exercised their authority by granting the 1997 contract to a higher bidder, (4) plaintiff is entitled to the 1997 contract, (5) the inclusion of paragraph 5 in the specifications and the defendants’ refusal to grant plaintiff the 1997 contract were unlawful, (6) paragraph 5 of the specifications and the July 1, 1997 vote must be set aside.[2]
On July 23, 1997, Judge Brassard addressed plaintiffs claim for injunctive relief, Count II, and denied plaintiffs request for a Temporary Restraining order on the grounds that he could not conclude the plaintiff has a reasonable likelihood of success. Defendants now move for summary judgment as to Count I, declaratory relief, and Count III, money damages, of plaintiffs complaint.
STANDARD OF REVIEW
A motion for summary judgment is in order, and shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parly is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). To be successful, a moving party need not submit affirmative evidence to negate one or more elements of the other party’s case, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991), but may satisfy its burden by “demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To defeat summary judgment, the nonmoving party must articulate specific facts, establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. If the parties are disputing any material fact, summary judgment is improper. Id.
DISCUSSION
A. Count I — Declaratory Relief
In Count I of their complaint, plaintiff requests six (6) forms of declaratory relief, all of which focus on defendants’ alleged unlawful behavior in advertising for and hiring a bidder for a school bus transportation contract governing the 1997-98 school year through the 2001-02 school year. For organizational purposes, this Court will address each of these requests in the order in which they were presented in plaintiffs amended complaint.
1. Did defendants consider, in good faith, whether plaintiff is a responsible bidder?
Pursuant to the amendment to the 1995 contract, both parties agreed to defer, until a later date, the determination as to whether plaintiff would be considered a responsible bidder for future transportation contracts. Plaintiff now argues that defendants were required to make this determination in good faith, in light of all information available, rather than by rigidly applying paragraph 5 of the specifications. This Court does not agree. The Court believes North Suburban is overinterpreting the amendment. *565 Pursuant to the amendment, the 1995 contract between North Suburban and the defendants was to terminate on June 30, 1997. On May 6, 1997, in preparation for subsequent school years, defendants issued an invitation for bids for the next five-year school bus transportation contract, the 1997 contract. Included in the invitation were newly created specifications of what constituted a responsible bidder for the 1997 contract. Pursuant to the invitation, plaintiff submitted a bid to the defendants. The School Committee, at their July 1, 1997 meeting, considered plaintiffs bid and accompanying paperwork, and, as a result of the Stop Work Order received by Woburn Cab, determined plaintiff to be a nonresponsible bidder.
The Court finds no error in the method used by the School Committee to determine the responsibleness of plaintiffs bidding status. According to the amendment, both parties agreed that the determination as to plaintiffs responsibleness would be deferred until a later time. That determination was eventually made by the School Committee at their July 1,1997 meeting. The School Committee considered all bidders equally, in light of the specifications set forth in the invitation for bids. This Court finds the determination made by the School Committee adequately satisfies the requirements of the 1995 amendment.
Because this Court finds the defendants did not breach the 1995 amendment, the declaratory relief requested by the plaintiff is inappropriate.
2. Did the School committee unlawfully exercise their authority by including paragraph 5 in the specifications?
Paragraph 5 of the specifications was written by Assistant Superintendent Funk and approved by Procurement Officer McGowan. Plaintiff contends that paragraph 5 was unlawfully included in the specifications because it was never considered by the School Committee and because Funk did not have the authority to draft and/or issue the specifications. Plaintiff also contends that defendants, purpose for including paragraph 5 in the specifications was to prevent plaintiff from meeting the bid requirements. This Court disagrees with North Suburban’s assertions.
According to M.G.L.c. 71, §7A, the award of a public school bus transportation contract must be in accordance with the Uniform Procurement Act, M.G.L.c. 30B, §§1 et seq. (“Act”). Under Section 5 of the Act, a procurement officer shall issue an invitation for bids which shall include: (1) time, date, and address for receipt of bids, (2) purchase description and all evaluation criteria to be utilized, and (3) all contractual terms and conditions applicable to the procurement. See M.G.L.c. 30B, §5.
This Court finds that the defendants have fully complied with the Act in including paragraph 5 in the specifications without consideration by the School Committee. McGowan, the City’s Procurement Officer, approved paragraph 5 of the specifications and issued an invitation for bids. The School Committee took no part in drafting or issuing paragraph 5, therefore, it was not necessary for the School Committee to consider this section of the specifications prior to issuance.
Additionally, it is completely acceptable for Assistant Superintendent Funk to draft the specifications, as long as they are ultimately approved by the procurement officer. According to M.G.L.c. 71, §59, the superintendent of schools is considered the “manager” of the school system. This Court believes that the creation of specifications for a transportation contract properly falls within the managerial bounds of an assistant superintendent’s responsibilities. The School Committee and Assistant Superintendent Funk did not unlawfully exercise their authority by including paragraph 5 in the specifications.
Finally, there is no indication that defendants issued paragraph 5 in bad faith. In fact, this Court agrees with Justice Brassard, in his order denying plaintiffs motion for a restraining order, that “[defendants] may lawfully determine that no prior history of stop work orders is a critical indicator of a reliable and responsible bidder.” Defendants have a responsibility to provide reliable and safe transportation to the students of Woburn, thus a reliable and responsible bidder is crucial.
Because this Court does not believe defendants unlawfully exercised their authority by including paragraph 5 in the specific actions, plaintiffs request for declaratory relief is not appropriate.
3. Did defendants unlawfully exercise their authority by granting the 1997 contract to a higher bidder?
Plaintiff argues that defendants unlawfully awarded the 1997 contract to a higher bidder, R. Fiore Bus Service, Inc. (“Fiore”). This Court agrees that Fiore’s bid for the 1997 contract was higher than North Suburban’s bid, however, there was nothing unlawful about defendant’s actions.
According to the Act, after receiving all of the sealed bids, the procurement officer shall hold a public meeting, at which all bids will be opened. See M.G.L.c. 30A, §11A 1/2. All bids received shall be evaluated “solely on the requirements and criteria set forth in the invitation for bids.” M.G.L.c. 30B, 5(e). Most importantly, after evaluating the bids, the procurement officer “shall award the contract to the lowest responsive and responsible bidder.” M.G.L.c. 30B, §5(g).
Pursuant to the Act, McGowan opened all of the sealed bids at a public hearing and supplied the School Committee with a list of all bidders. The School Committee determined, pursuant to paragraph 5, that North Suburban was not a responsible bidder and was thereby precluded from receiving the 1997 contract, *566 even though they did, in fact, submit the lowest bid. As a result of the School Committee’s determination and vote, McGowan notified plaintiff that they were deemed to be a nonresponsible bidder and the 1997 contract was awarded to Fiore, the lowest responsible bidder.
The actions of the School Committee and McGowan comport with the requirements of the Act, thus, are not unlawful. Consequently, plaintiffs request for declaratory judgment is inappropriate.
4.Is plaintiff entitled to the 1997 contract?
Plaintiff argues that, as a result of defendants’ alleged unlawful behavior, they are entitled to the 1997 contract. Because defendants did not act unlawfully, plaintiffs argument must fail. Defendants did not unlawfully include paragraph 5 in the specifications, nor did they unlawfully award the contract to a higher bidder. Pursuant to paragraph 5, plaintiff was deemed to be a nonresponsible bidder and ineligible to receive the 1997 contract. Plaintiffs request for this form of declaratory judgment is, therefore, inappropriate.
5.Was the inclusion of paragraph 5 and defendants’ refusal to grant plaintiff the 1997 contract unlawful?
Again, plaintiff seeks a declaratory judgment that defendants acted unlawfully in their inclusion of paragraph 5 and in failing to grant the 1997 contract to the plaintiff, the lowest bidder. Plaintiff again asserts that defendants unlawfully included paragraph 5 in the specifications, and, as a result, North Suburban was unable to comply with that specification. For the reasons previously stated, plaintiffs request for declaratory judgment is inappropriate.
6.Should paragraph 5 and the July 1, 1997 vote be set aside?
Finally, plaintiff requests that paragraph 5 of the specifications and the July 1, 1997 vote of the School Committee be set aside. For the reasons previously stated, plaintiffs request for this form of declaratory relief is inappropriate.
After a thorough examination of each and every one of plaintiffs requested declaratory judgments, this Court finds there is no genuine issue of material fact as to any one of plaintiffs six requests for relief. Moreover, as a matter of law, the Court finds declaratory relief in favor of the plaintiff to be an improper remedy.
Because defendants have successfully demonstrated the absence of a triable issue, by demonstrating that proof is unlikely to be forthcoming at trial, Flesner, 410 Mass. at 809, and because plaintiff has failed to articulate specific facts, establishing the existence of a genuine issue of material fact, Pederson, 404 Mass. at 17, summary judgment in favor of the defendants, on Count I of plaintiffs complaint, is proper.
B. Count III — Money Damages
In Count III of their complaint, plaintiff requests money damages to compensate them for the unlawful behavior alleged in Count I. Because this Court does not believe the defendants acted unlawfully when advertising for or hiring a bidder for a school bus transportation contract, this Court finds the plaintiff is not entitled to any money damages. Consequently, summary judgment for defendants as to Count III is appropriate.
ORDER
For the reasons set forth above, it is hereby ordered, that defendants’, City of Woburn School Committee and City of Woburn, motion for summary judgment be ALLOWED. Consequently, it is hereby ordered, that plaintiffs’, North Suburban Transportation, Inc. and John Devine, et al., motion for partial summary judgment on liability be DENIED.

 Both North Suburban and Woburn Cab are owned and operated by John and Claire Devine. Woburn Cab was responsible for supplying North Suburban with bus drivers.

 Count I of plaintiffs complaint requests declaratory relief. Count II of plaintiffs complaint requests injunctive relief in the form of a Temporary Restraining order. Count III of plaintiffs complaint requests money damages.